USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 26 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLARD LANHAM,<br><br>a/k/a "Ross Lanham,"<br><br>Defendant. | STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS TO BE PRODUCED BY NON-PARTY INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>11 Cr. 548 (GBD) |

WHEREAS, Willard Lanham, a/k/a "Ross Lanham," the Defendant in the above action, has served a subpoena on non-party IBM Corporation ("IBM") pursuant to Federal Rule of Criminal Procedure 17;

WHEREAS, IBM intends to produce documents responsive to the subpoena to both the Defendant and the Government ("IBM Documents");

WHEREAS, the IBM Documents contain proprietary and non-public financial, pricing, strategy, and other sensitive information concerning IBM or its employees;

IT IS HEREBY STIPULATED AND AGREED:

1. IBM may designate any IBM Documents as "Confidential" if IBM believes in good faith that the Documents constitute, contain, or would disclose (i) sensitive or proprietary business information or (ii) sensitive or confidential personal information.

2. IBM may designate any IBM Documents as "Highly Confidential" if IBM believes in good faith that such Documents constitute, contain, or would disclose (i) highly sensitive proprietary business information, a trade secret, or other highly

sensitive commercial or financial information or (ii) highly sensitive or confidential personal information.

3. Any material designated as "Confidential" or "Highly Confidential" shall be referred to herein as "Confidential Material."

4. Confidential Materials shall be utilized only for purposes of this litigation and for no other purposes.

5. IBM may designate documents "Confidential" or "Highly Confidential" by placing the legend "Confidential" or "Highly Confidential" (as applicable) on each page prior to production, or if impracticable to do so (such as in the case of electronic media), by another method designed to alert others to the designation. Failure to designate materials as Confidential or Highly Confidential at the time of their production may be remedied by supplemental written notice. If such notice is given, all documents or other materials so designated shall be thereafter fully subject to this Stipulation and Order.

6. Documents designated as "Confidential" shall not be given, shown, made available, or communicated in any way to anyone except:

  (a) counsel of record in this action, and attorneys, paralegals, and other support staff employed or engaged by such counsel who are assisting counsel in the conduct of this action;

  (b) the defendant;

  (c) actual witnesses in this action and their counsel during the course of a hearing or at trial;

  (d) potential witnesses in this action and their counsel during preparation sessions for a hearing or at trial, provided they agree to be bound by this Order by signing the acknowledgement attached as *Exhibit A*.

2

  (e) the Court (and any appellate court), court personnel, and any person the Court designates in the interest of justice, upon terms that the Court deems fit and proper;

  (f) court reporters and videographers employed in connection with this action;

  (g) persons not covered above who, from the face of the material that has been designated as "Confidential," appear to have received it prior to the date such material is produced in this action;

  (h) entities or persons engaged by counsel of record in this action to perform photocopying, scanning, database, and other document management services; and

  (i) any other person agreed to in writing by IBM, provided that such person acknowledges in writing that he or she has read this Order and agrees to be bound by it by signing the acknowledgment attached hereto as *Exhibit A*.

7. Documents designated as "Highly Confidential" shall not be given, shown, made available, or communicated in any way to anyone except:

  (a) counsel of record in this action, and attorneys, paralegals, and other support staff employee or engaged by such counsel who are assisting counsel in the conduct of this action;

  (b) the defendant;

  (c) the Court (and any appellate court), court personnel, and any person the Court designates in the interest of justice, upon terms that the Court deems fit and proper;

  (d) court reporters or videographers employed in connection with this action;

  (e) persons not covered above who, from the face of the material that has been designated as "Highly Confidential" appear to have received it prior to the date such material or information is produced in this action;

  (f) entities or persons engaged by counsel of record in this action to perform photocopying, scanning, database, and other document management services; and

3

    (g) any other person agreed to in writing by IBM, provided that such person acknowledges in writing that he or she has read this Order and agrees to be bound by it by signing the acknowledgment attached hereto as *Exhibit A*

  8. All portions of briefs, pleadings, or other filings with this Court that contain or refer to Confidential Material shall be filed and kept under seal until further order of the Court. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents. The envelope shall also bear the following legend:

## CONFIDENTIAL

**This envelope contains documents that are subject to an order governing the use of confidential material entered by the United States District Court for the Southern District of New York in this action. The envelope shall not be opened nor the contents thereof disclosed or revealed except by order of the Court**

  9. Any and all Confidential Material shall be returned to IBM following the conclusion of this case and any and all copies made of said Material shall be shredded and destroyed.

  10. If a party inadvertently discloses Confidential Material to persons or entities not authorized to receive such information by the terms of this agreement, such disclosure shall be reported in writing to IBM. Counsel for the party who inadvertently disclosed the Confidential Material shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material, and to obtain the agreement of persons or entities to which inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Order.

4

JAN-23-2012 13:54    FEDERAL DEFENDERS OF NY    212 571 0392    P.006

11. If IBM inadvertently produces information that is subject to a claim of attorney-client privilege, work-product protection, or any other privilege or immunity from discovery, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work-product protection or any other privilege or immunity to which IBM would otherwise be entitled. If IBM inadvertently produces any Documents that it believes are subject to the attorney-client privilege, work-product protection, or any other privilege or immunity from discovery belonging to IBM, IBM may notify the receiving party that such production contained an inadvertent disclosure of privileged material, identify the allegedly privileged material, and demand the return thereof. On such demand, the receiving party must return such allegedly privileged materials and destroy all copies thereof.

Dated: New York, New York
       January ___, 2012

SO ORDERED: **JAN 26 2012**

_____
Hon. George B. Daniels
United States District Judge

AGREED AND CONSENTED TO:

FEDERAL DEFENDERS OF NEW YORK, INC.

By: _____     1/23/2012
    Philip L. Weinstein, Esq.              Date
    Ian McDonald, Esq.
    Attorney for Defendant Willard Lanham

5

UNITED STATES OF AMERICA
By: _____     1-20-12
    Brian A. Jacobs, Esq.          Date
    Alvin L. Bragg, Esq.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____     1-24-12
    Michele Hirshman               Date
    Eric A. Stone
    Attorneys for IBM Corporation

6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| WILLARD LANHAM, |
| a/k/a "Ross Lanham," |
| Defendant. |

11 Cr. 548 (GBD)

      I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the Southern District of New York and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.

NAME AND SIGNATURE:_____
DATE:      _____