UNITED STATES DISTRICT COURT
*for the*
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA

Plaintiff,                                                                    11 Cr. 548 (GBD)

v.

WILLARD LANHAM
a/k/a "Ross Lanham.

Defendant.
---------------------------------------------------------X

## MEMORANDUM OF LAW

This Memorandum of Law is respectfully submitted on behalf of Willard Ross Lanham, the above-captioned defendant, in support of his motion, pursuan to Rule 29 and Rule 33 of Fed. R. Crim. P., for an Order vacating his conviction in the above-captioned case and dismissing count one as the prosecution failed to prove all elements beyond a reasonable doubt, or in the alternative granting to the defendant a new trial because he was denied effective assistance of counsel. The evidence presented in the accompanying affirmation and this Memorandum shows that the prosecution did not prove the case beyond a reasonable doubt and that Mr. Lanham's constitutional rights were denied when he was deprived effective assistance of counsel.

Rule 29(c)(1) of the Fed.R.Crim.P. provides that a defendant may move for a judgment of acquittal, or renew a such a motion, within 14 days after a guilty verdict or after the court discharged the jury, whichever is later. Rule 33 provides that upon a

defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

ARGUMENT

THE PROSECUTION DID NOT PROVE THE ELEMENT OF CONVERSION OF COUNT ONE AND THE CONVICTION MUST BE VACATED

1.      Count one of the superseding information charged Mr. Lanham with a violation of 18 U.S.C. § 666(a)(1)(A) Theft of bribery concerning programs receiving Federal funds. The elements of that statute as applied to the facts of this case are 1) that at the time alleged in the information, the defendant was an agent of the Department of Educaton; 2) that in a one year period the New York City Department of Education received federal benefits in excess of $10,000; 3) that the Defendant knowingly converted money to his own use without authority; 4) that the money belonged to the New York City Department of Education; 5) that the value of the money was at least $5,000.

2.      The trial court explained the third element to the jury in its charge as follows: *To convert money means to take someone else's money without the owner's consent with the intent to deprive the owner of the value of that money*. (T866)

3.      Mr. Lanham provided three consultants to the DOE for the money that he was paid; and those consultants in turn provided legitimate services to the DOE. This fact was undisputed at trial and, in fact, several prosecution witnesses testified to the fact that Stevenson and Tempio did do work for the DOE and provided legitimate services.

4.      Additionally, it should be noted that the statute makes a provision for the application to bon fide salary and wages. 18 U.S.C. § 666(c) states that *This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business*.

5.      Mr. Lanham's business, Lanham Enterprises, provided legitimate services to the DOE for which those consultants and Mr. Lanham were compensated.

6.      The amount of compensation was dictated by the New York State Office of General Services (Exhibit A) and that is the reason for the mark ups that Mr. Lanham charged.

7.      Additionally, many of the prosecution witnesses testified that it was the usual course of business for the DOE to pay sub-contracting consultants through companies such as Verizon and IBM; in fact, some of the DOE employees, or former DOE employees, that testified are now consultants. (See testimony of Joe Eaione and Sheila Raskob).

8.      The intent of Mr. Lanham was never to deprive the DOE of the value of the money that was paid, instead his intent was to provide the services of three consultants who did provide services to the DOE.

9.      The intent was never proven in this case and Courts do not read elements, and especially intent requirements, out of statutes lightly. *See Morissette v. United States,* 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952) (refusing to read intent requirement out of a conversion statute even absent explicit language because intent was generally considered an element of conversion); *see also United States v. Aguilar,* 515 U.S. 593, 600, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) (refusing to read intent requirement out of obstruction statute because "a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed") *U.S. v. Ford*, 435 F.3d 204, 214 (2d Cir. 2006).

10. Ultimately, the prosecution failed to prove the conversion element of count one and that conviction must be vacated.

## MR. LANHAM WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AND THIS WARRANTS A NEW TRIAL.

*The Inadmissible Hearsay*

11. During the course of the trial inadmissible hearsay was put into evidence by the prosecution without objection by Mr. Lanham's attorney.

12. The hearsay evidence was introduced for the truth of the matter asserted in that the conversations quoted were that Ross Lanham made representations that the consultants in question here were not being billed to the DOE.

13. Federal Rules of Evidence Rule 801(c) defines hearsay as *Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted*.

14. The numerous conversations that were quoted during the trial were hearsay and no objection was made by Mr. Lanham's attorneys.

15. These alleged statements were offered into evidence for the truth of the matter asserted and went to the crux of the prosecutions case as to whether misrepresentations were made about the payment of these consultants.

16. No argument or objection was made by Mr. Lanham's attorneys and this caused severe prejudice at trial – Mr. Lanham was denied his Sixth Amendment right to effective assistance of counsel.

## Rule 404(b) Evidence Improperly Introduced At Trial

17. Rule 404(b) of the Federal Rules of Evidence states that *Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith*.

18. During the cross examination of Mr. Lanham the prosecutor extensively cross examined him on inappropriate topics that had no relevance at this trial.

19. Mr. Lanham was cross-examined about various tax liens, money he owed to creditors, money that he gave his son and various assets that he owned and transferred that had no relevance to this case.

20. All this 404(b) evidence was admitted without prior application of the prosecutor and without objection by Mr. Lanham's attorney.

21. The prejudice to Mr. Lanham denied him his Sixth Amendment right to effective assistance of counsel.

## Attorney Client Privilege

22. During the course of the trial Mr. Lanham was cross examined on conversations that he had with his attorney when he sought out this attorney's advice.

23. Those conversations and the content of the advice and the questions and reasons that Mr. Lanham sought out this attorney were privileged materials.

24. Mr. Lanham was never advised that it was his right to claim the privilege and, consequently, privileged materials and conversations were inappropriately admitted into evidence.

25. Mr. Lanham suffered severe prejudice as a result of these inappropriate admissions and was denied his Sixth Amendment right to effective assistance of counsel.

WHEREFORE, the defense respectfully requests that conviction of count one be vacated and dismissed or in the alternative that a new trial be granted.

Dated: April 19, 2012.
      New York, New York

                                                            _____
                                                            STEPHEN N. PREZIOSI, ESQ.
                                                            Attorney for Defendant
                                                            570 Seventh Avenue
                                                            New York, New York 10018
                                                            212.300.3845